United States District Court
Southern District of Texas
**ENTERED**
September 25, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MARIA DEL CARMEN HAZLEWOOD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| THOMAS BUILT BUSES, INC., *and* | § | CIVIL CASE NO. H-23-2684 |
| METROPOLITAN TRANSIT AUTHORY | § | |
| OF HARRIS COUNTY, TEXAS, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Maria del Carmen Hazelwood sued Thomas Built Buses, Inc. and the Metropolitan Transit Authority of Harris County, Texas, alleging damages for injuries she suffered in a collision between a school bus manufactured by Thomas and a bus operated by Metro. (Docket Entry No. 1-4).  The vehicles collided on a four-lane boulevard that had two westbound lanes and two eastbound lanes and an intersecting street controlled by a stop sign. The school bus was on the intersecting street driving southbound, while the Metro bus was on one of the boulevard lanes driving eastbound. The school bus stopped at the stop sign, then crossed the two westbound lanes and the first eastbound lane of the four-lane boulevard.  The school bus and the Metro bus collided in the second eastbound lane.  The impact caused the rear emergency door of the school bus to open.  Ms. Hazelwood, who was on the school bus to supervise the students, was ejected through the emergency door and thrown onto the concrete roadway.  (Docket Entry No. 1-4).

On June 21, 2023, Ms. Hazelwood sued Thomas and Metro in state court, asserting product liability claims against Thomas and negligence claims against Metro. (Docket Entry No. 1-4 at 5–7).  Thomas removed the case on July 21, 2023, alleging diversity jurisdiction on the basis that

Metro, the nondiverse defendant, was improperly joined. (Docket Entry No. 1).  Ms. Hazelwood moved to remand on the basis that Metro was properly joined, destroying diversity. (Docket Entry No. 5).  Only Thomas responded. (Docket Entry No. 15).  Ms. Hazelwood also filed a video recording of the accident, and both Metro and Thomas filed responses about the video. (Docket Entry Nos. 18–20).

The court has considered the record and the briefing but has determined that it cannot consider the video at this stage of the case. The court finds that Metro was properly joined and grants the motion to remand.  The reasons for this ruling are set out below.

## I.    Standard for Removal

"To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc). "A case may be removed pursuant to 28 U.S.C. § 1332 if there is complete diversity of citizenship and the amount in controversy is greater than $75,000 exclusive of interests and costs." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018).

"[I]f the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).  "Improper joinder can be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1045 (5th Cir. 2021).  The Fifth Circuit has held that:

> [i]mproper joinder occurs when a plaintiff is unable "to establish a cause of action against the non-diverse party in state court."  The test is whether there is "no possibility of recovery by the plaintiff against an in-state defendant" or "no

2

reasonable basis for [predicting recovery] against an in-state defendant." To determine if there was improper joinder, the district court may conduct a Rule 12(b)(6)-type analysis, "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."

*Id.* at 1046 (footnotes and citations omitted).

"The burden of persuasion on those who claim improper joinder is a heavy one." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (alteration omitted) (quoting *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Inc.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

## II.    Analysis

Ms. Hazlewood argues that the court lacks diversity jurisdiction because both Ms. Hazlewood and Metro are citizens of Texas. (Docket Entry No. 5). Thomas responds argues that Metro was improperly joined because there is no reasonable basis to believe that Ms. Hazelwood could prevail on her state-law negligence claim against Metro.  (Docket Entry No. 15).

First, Thomas argues that Metro is protected from suit by governmental immunity under the Texas Tort Claims Act.  Neither party contests that Metro is a governmental unit under the Act. (Docket Entry No. 5 at 2).  The Act contains an exception that allows for suit against a governmental unit, like Metro, for personal injury "caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if: (A) the . . . personal injury . . . arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and (B) the employee would be personally liable to the claimant according to Texas law[.]" TEX. CIV. PRAC. & REM. § 101.021(1).

3

The question is whether Ms. Hazlewood has sufficiently pleaded negligence on the part of the Metro employee who operated the Metro bus.  Thomas argues that the alleged "grounds for negligence are . . . simply untrue and fail as a matter of law[,]" (Docket Entry No. 15 at 12), Thomas argues that Ms. Hazlewood alleged that the Metro bus driver had failed to obey a stop sign, but the police report shows there was no stop sign for the lane the Metro bus was in.  (*Id.* at 14).

In addition to alleging that the Metro bus driver negligently failed to stop at the (nonexistent) stop sign, Ms. Hazlewood also alleges that the Metro bus "failed to yield the right-of-way to the [school] Bus that was in the intersection[.]" (Docket Entry No. 1-4 at ¶ 21).  Thomas argues that because the Metro bus had no stop sign, it had the right of way and did not have to yield, as a matter of law. (Docket Entry No. 15 at 13).  Ms. Hazlewood argues that because the school bus was already in the intersection and had been there for some time after passing the stop sign, the Metro bus driver was still obligated to yield to the school bus and brake to allow that bus to clear the intersection. (Docket Entry No. 5 at 7–8).

Texas law establishes "a general duty to exercise ordinary care to avoid a foreseeable risk of harm to others," which includes the general duty to keep a proper lookout. *Williamson County v. Voss*, 284 S.W.3d 897, 902 (Tex. App.—Austin 2009, no pet.); *Montes v. Pendergrass*, 61 S.W.3d 505, 509 (Tex. App.—San Antonio 2001, no pet.). "The duty to keep a proper lookout encompasses the duty to observe, in a careful and intelligent manner, traffic and the general situation in the vicinity, including speed and proximity of other vehicles as well as rules of the road and common experience." *Carney v. Roberts Inv. Co., Inc.*, 837 S.W.2d 206, 210 (Tex.App.–Tyler 1992, writ denied).  When a driver "fails to exercise reasonable care . . . that person has

breached his or her duty." *Obregon v. United States*, No. 5:17-CV-30, 2018 WL 6179507, at *3 (S.D. Tex. Nov. 27, 2018), *aff'd*, 791 F. App'x 458 (5th Cir. 2019).

In support of its argument that the factual error in the complaint means that Ms. Hazelwood cannot prevail on her state law claim against Metro, Thomas cites *Frederick v. Mercedes-Benz USA, LLC*, No. 4:20-CV-745, 2020 WL 3100203 (S.D. Tex. 2020), in which the plaintiff alleged that the defendant's vehicle struck another vehicle, when in fact the vehicles did not come into contact. In *Frederick*, the vehicles did not in fact collide as alleged. *Id.* at *3.   In this case, by contrast, although the Metro bus did not run a stop sign as alleged, Ms. Hazelwood has also alleged that the Metro bus driver was negligent in other ways that caused the Metro bus to hit the school bus.  Ms. Hazelwood has pleaded facts that could subject Metro to liability under an exception to the Texas Tort Claims Act.  Thomas has failed to show that there is no reasonable possibility of "recovery by the plaintiff against an in-state defendant," as required to establish improper joinder. *Smallwood*, 385 F.3d at 573.

Ms. Hazelwood submitted a video of the accident for the court's consideration. Post-removal filings "may be considered only to the extent they amplify or clarify facts alleged in the state-court complaint, with new claims or theories of recovery disregarded." *Berry v. ADT Sec. Servs., Inc.*, 393 F. Supp. 3d 548, 555 (S.D. Tex. 2019) (internal quotations omitted).  The absence of a stop sign is undisputed.  (Docket Entry No. 5 at 6–7).  Whether the Metro bus driver failed to exercise ordinary care and whether that was the cause of the collision is not for the court to determine at this stage.  The issue at this stage is only whether the factual allegations supporting the negligence claim are sufficiently pleaded to support a negligence finding.  The video may be important later in the case, but that is for the state court judge to determine.

**III.    Conclusion**

The court grants the motion to remand.  (Docket Entry No. 5). An order of remand to the 295th Judicial District Court of Harris County, Texas is separately entered.

SIGNED on September 25, 2023, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge